**Ann McCAULEY**

v.

**The STATE OF GEORGIA d/b/a Superior Court of Gwinnett County, Gwinnett County d/b/a Gwinnett Judicial Center, Michael Bowers, Attorney General, and Richard T. Winegarden, Judge.**

**Civ. No. 1:93–CV–2632–ODE.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 9, 1994.

Ann McCauley, Norcross, GA, plaintiff pro se and Herbert T. Jenkins, Jr., Office of Herbert T. Jenkins, Jr., Lithonia, GA, for plaintiff.

Thomas K. Bond, State of Georgia Law Department, Atlanta, GA and Charles M.

Richards, Office of State Attorney General, Atlanta, GA, for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This civil rights action is before the court on the motions to dismiss of Defendants Superior Court of Gwinnett County and Judge Richard T. Winegarden. Plaintiff has filed a response in opposition to Judge Winegarden's motion.

Plaintiff allegedly suffers from Chemical Hypersensitivity Syndrome. She claims that she was denied a "chemical free or safe environment" on two different occasions when she appeared *pro se* in the Superior Court of Gwinnett County in connection with a civil action she was prosecuting in that court.

Plaintiff began the instant action in November 1993 against the Superior Court and Judge Winegarden. She claimed that those two defendants had violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"), as well as other statutes, by not providing her with the filtered environment she requested. In an order entered on December 28, 1993, the court, among other things, found that Plaintiff's claim against Judge Winegarden was frivolous (pursuant to 28 U.S.C. § 1915(d)), since he enjoyed judicial immunity for any money damages liability he might have for not providing Plaintiff a filtered environment. The court made no ruling as to Plaintiff's claim against the Superior Court. Instead, the court directed that if Plaintiff desired to pursue the claim, she should file an amended complaint which provided more details regarding it.

Plaintiff subsequently filed an amended complaint. Relying on the ADA, this first amended complaint sought both money damages from and injunctive relief against the Superior Court, as well as injunctive relief against Judge Winegarden. In an order entered on February 4, 1994, the court found that the first amended complaint was not wholly frivolous, based in part on the novelty of the legal issues presented.

Following service of process, the Superior Court and Judge Winegarden filed motions to dismiss. The Superior Court argues that

(1) it is not an entity subject to suit and (2) ADA regulations expressly state that it did not have to provide Plaintiff with a filtered environment. Judge Winegarden argues that (1) Plaintiff is attempting to circumvent the court's ruling that he has no liability toward Plaintiff and (2) ADA regulations expressly state that he did not have to provide Plaintiff with a filtered environment.

Plaintiff filed a second amended complaint in April 1994, perhaps in response to the Superior Court's assertion that it is not an entity subject to suit. The second amended complaint names the defendants set forth in the style of this order. The court will treat the Superior Court's motion to dismiss as the motion of the State of Georgia, Gwinnett County, and Michael Bowers.

In the second amended complaint, Plaintiff now asserts that Judge Winegarden's actions were administrative, not judicial, in nature, and that he is thus not entitled to judicial immunity. In its December 28, 1993 order, the court found that Judge Winegarden was entitled to judicial immunity. Given Plaintiff's *pro se* status, the court construes the second amended complaint as a motion for reconsideration of the court's prior ruling on judicial immunity. That motion is denied, and the court dismisses all claims against Judge Winegarden except the claim for injunctive relief.

Both motions to dismiss are grounded on the following ADA regulation:

> This part does not require a public entity to provide to individuals with disabilities personal devices, such as wheelchairs; individually prescribed devices, such as prescription eyeglasses or hearing aids; readers for personal use or study; or services of a personal nature including assistance in eating, toileting, or dressing.

28 C.F.R. § 35.135 (1993). Plaintiff wanted Defendants to provide her with a "filtered environment." (Complaint, *passim.*)[1] The complaint reveals that Defendants would have had to provide Plaintiff with personal devices in order to give her the accommodation she desired: "life-support systems," (*id.*, ¶ IV); "life-support bubble," (*id.*); "required medical aids," (*id.*); "additional medical aids," (*id.*). Even absent the admissions in

---

1. Citations to "Complaint" are to the second     amended complaint.

**338**

Plaintiff's complaint, the conclusion is inescapable that providing Plaintiff a filtered environment would have required Defendants to provide her with personal devices. Indeed, in this context, a filtered environment, viewed as a whole, may itself be a personal device. Therefore, in view of § 35.135, the court finds that Plaintiff has failed to state a claim under the ADA against Defendants.[2]

Accordingly, the motion to dismiss of Judge Richard T. Winegarden [# 9–1] and the motion to dismiss of the Superior Court of Gwinnett County [# 10–1] (which the court has treated as the motion to dismiss of the State of Georgia, Gwinnett County, and Michael Bowers) are GRANTED. The Clerk is DIRECTED to enter judgment on behalf of all Defendants.

SO ORDERED.

**2.** In the second amended complaint, Plaintiff has included a new claim that Defendants are liable under 42 U.S.C. § 1985(3) for conspiring to deprive her of her civil rights. The elements of a § 1985(3) claim include a showing that the purpose of the conspiracy was to deprive, " 'either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' " *Lucero v. Operation Rescue,* 954 F.2d 624, 627 (11th Cir.1992) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–57, 77 L.Ed.2d 1049 (1983)). Since Plaintiff has no claim cognizable under the ADA, she cannot satisfy this element of a § 1985(3) claim. The court therefore dismisses her § 1985(3) claim.